# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br><br>  v.<br><br>TAMIN ABDUL-SAMAD(1),<br>MUSTAFA AHMAD-NAUSHAD(2)<br><br>                Defendants/Petitioners. | CASE NO. 10cr2792 WQH<br>CASE NO. 16cv1269 WQH<br>CASE NO. 16cv1307 WQH<br><br>**ORDER** |

HAYES, Judge:

    This matter comes before the Court on the motions pursuant to 28 U.S.C. § 2255 filed by Defendants/Petitioners. (ECF Nos. 146 and 148). Defendants/Petitioners move the Court to vacate their sentences based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016).

## BACKGROUND FACTS

    On July 13, 2010, a jury returned a three count indictment charging Tamin Abdul-Samad, Mustafa Ahmad-Naushad, and Darryl Eugene Peterson in Count 1 with conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a) and (d); in Count 2 with bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and in Count 3 with brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and aiding and abetting in violation of 18 U.S.C. § 2. (ECF No. 16).

    On September 23, 2010, Petitioner Ahmad-Naushad entered a plea of guilty to Count 2 and Count 3 of the Indictment pursuant to a plea agreement. Petitioner Ahmad-

Naushad admitted as a factual basis for his plea that he conspired with his co-defendants to rob the CitiBank in La Mesa, California; and that he planned and knew that his co-defendant would carry, use, and brandish a pistol at employees and customers during the bank robbery. Petitioner Ahmad-Naushad admitted that his co-defendant brandished the pistol at employees and customers while he jumped over the teller counter and ordered the tellers to give him money. Petitioner Ahmad-Naushad admitted that he and his co-defendants took $11,745.12 in U.S. currency from bank employees by making a display of force that reasonably caused bank employees to fear bodily harm, and fled the bank with the pistol and the currency. (ECF No. 58 at 3-4). On October 29, 2010, Petitioner Abdul-Samad entered a plea of guilty to Count 2 and Count 3 of the Indictment pursuant to a plea agreement. Petitioner Abdul-Samad admitted as a factual basis for his plea that he entered the CitiBank in La Mesa, California and brandished a pistol at employees and customers in furtherance of a bank robbery. Petitioner Abdul-Samad admitted he and his co-defendants took $11,745.12 in U.S. currency from bank employees by making a display of force that reasonably caused bank employees to fear bodily harm, and fled the bank with the pistol and the currency. (ECF No. 72 at 3).

The Presentence Investigation Report for Petitioner Abdul-Samad reported that the guideline range for the offense of armed bank robbery under 18 U.S.C. §2113(a) and (d) in Count 2 was 51-63 months and that Petitioner was subject to a mandatory seven-year sentence in Count 3 to be served consecutively to Count 2 for the offense of brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).

The Presentence Investigation Report for Petitioner Ahmad-Naushad reported that the guideline range for the offense of armed bank robbery under 18 U.S.C. §2113(a) and (d) in Count 2 was 33-41 months and that Petitioner was subject to a mandatory seven-year sentence in Count 3 to be served consecutively to Count 2 for the offense of brandishing a firearm in relation to a crime of violence under 18 U.S.C. §

924(c)(1)(A)(ii).

On January 24, 2011, the Court sentenced Petitioner Abdul-Samad to serve a term of imprisonment of 51 months on Count 2 and 84 months on Count 3 to run consecutively for a total of 135 months. (ECF No. 88).

On March 14, 2011, the Court sentenced Petitioner Ahmad-Naushad to serve a term of imprisonment of 10 months on Count 2 and 84 months on Count 3 to run consecutively for a total of 94 months. (ECF No. 104).

On May 26, 2016, Petitioner Abdul-Samad filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (ECF No. 146).

On May 31, 2016, Petitioner Ahmad-Naushad filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (ECF No. 148).

## APPLICABLE LAW

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file a motion within the one year statute of limitations set forth in § 2255(f). Section 2255(f)(3) provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## CONTENTIONS OF THE PARTIES

Petitioners contend that their respective pleas, convictions, and sentences for violation of 18 U.S.C. § 924(c) must be vacated because armed bank robbery is not, as a matter of law, a predicate crime of violence after *Johnson*. Petitioners contend that

the holding in *Johnson* invalidating the residual clause in the term "violent felony" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) applies equally to the residual clause in the term "crime of violence" set forth in 18 U.S.C. § 924(c)(3)(B). Petitioners further assert that armed bank robbery does not qualify as a crime of violence under the force/elements clause in the term "crime of violence" set forth in 18 U.S.C. § 924(c)(3)(A). Petitioners assert that armed bank robbery does not include proof of a violent physical force required by the force/elements clause "because the offense merely requires taking of property through 'intimidation'" and the offense does not require the intentional use or threatened use of physical force. (ECF No. 146 at 14; ECF 148 at 13).

Respondent contends that limited stay is appropriate because the "precise question will likely be answered by the Ninth Circuit in *United States v. Begay*, C.A. No. 14-10080 . . . which has been under submission since May 26, 2016." (ECF No. 157 at 2).[1] Respondent further asserts that *Johnson* can only be applied to invalidate the residual clause of §924(c)(3)(B) and that armed bank robbery remains a crime of violence under the force/elements clause of §924(c)(3)(A).

## RULING OF THE COURT

Petitioners entered pleas of guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) which provides certain penalties for a person "who, during and in relation to any crime of violence..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under § 924(c)(3),

> ... the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against

---

[1] In *Begay*, No. 14-10080, the defendant asserts that his second degree murder conviction does not qualify as a crime of violence under §924(c). The Court of Appeals requested supplemental briefing on whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. In light of this court's resolution of this case, a stay is not necessary.

> the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to the "(A)" clause of Section 924(c)(3) as the "force clause" or the "elements clause" and to the "(B)" clause of Section 924(c)(3) as the "residual clause."

To determine whether a predicate felony meets the definition of "crime of violence," the Court applies a three-step process: (1) the "categorical approach" compares whether the statute of conviction is a categorical match to the generic predicate offense; that is, it determines whether the statute of conviction criminalizes only as much or less conduct than the generic offense; (2) if the statute criminalizes conduct beyond the elements of the generic offense, and is therefore "overbroad," the Court next determines whether the statute is "divisible" or "indivisible"; and (3) if the statute is overbroad and divisible, the "modified categorical" approach permits the Court to examine certain documents from the record of conviction to determine what elements of the divisible statute the defendant was convicted of violating. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015). Under the first step, the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the Court must "determine whether the statute of conviction is categorically a 'crime of violence' by comparing the elements of the statute of conviction with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015).

In this case, the Court compares the elements of armed bank robbery, 18 U.S.C. § 2113(a) and (d), with the definition of "crime of violence" in §924(c)(3) to determine whether armed bank robbery criminalizes more or less conduct. The relevant statutory language provides,

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings

and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

\*\*\*\*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a) and (d).

In *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000), the Court of Appeals held that armed bank robbery was an underlying predicate offense – that is, a crime of violence – to support a conviction for using or carrying a firearm under § 924(c). The Court stated, "18 U.S.C. § 924(c)(3) defines a crime of violence for the purposes of §924(c) as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is taking 'by force and violence, or by intimidation.' 18 U.S.C. § 2113(a)." *Id.* at 1028 (quoting 18 U.S.C. § 924(c)(3)(A)).

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)[2] is unconstitutionally vague because the application of the residual clause denies fair notice

---

[2] The relevant language found unconstitutionally vague in the residual clause of § 924(e)(2)(B)(ii) provides: "any crime . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Other provisions of § 924(e)(2)(B) not addressed in *Johnson* include the enumerated offenses in § 924(e)(2)(B)(ii) ("is burglary, arson, or extortion, or involves use of explosives"), and the remainder of the definition of violent felony in § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another").

to defendants and invites arbitrary enforcement by judges. 135 S.Ct. at 2557-58. The Court concluded that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Id.* at 2557.[3]

The conclusion of the Court of Appeals in *Wright* that bank robbery under §2113(a) is a crime of violence under the elements/force clause in § 924(c)(3)(A) is not affected by the decision of the Supreme Court in *Johnson* invalidating the residual clause of the definition of "violent felony." The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S.Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition."). This court concludes that Petitioner's convictions under § 924(c) are valid pursuant to § 924(c)(3)(A) even if *Johnson* is applied to conclude that the residual clause of the "crime of violence" definition in § 924(c)(3)(B) is unconstitutionally vague. *See In re Hines*, 824 F.3d 1334 (11th Cir. 2016); *United States v. Watson*, Nos. CR 14-00751-01 DKW, CR 14-00751-02 DKW, CV 15-00313 DKW-KSC, CV 15-00390 DKW-BMK, 2016 WL 866298 (D. Haw. Mar. 2, 2016); *United States v. Inoshita*, Nos. Cr. 15-00159 JMS, Civ. 16-00032 JMS-KSC, 2016 WL 2977237 (D. Haw. May 20, 2016); *United States v. Taylor*, Nos. Criminal H-13-101, Civil Action H-16-1699, 2016 WL 3346543 (S.D. Tex. June 16, 2016); *United States v. Torres*, Case Nos. 8:10-cr-483-T-23MAP, 8:16-cv-1525-T-23MAP, 2016 WL 3536839 (M.D. Fla. June 28, 2016); *United States v. Fisher*, Criminal Action No. 5:07-41-DCR, Civil Action No. 5:16-238-DCR, 2016 WL 3906644 (E.D. Ky. July 14, 2016); *Gutierrez v. United States*, CIV. 16-5055, CR 00-50081-04, 2016 WL 4051821 (D. S.D. July 27, 2016).

In this case, Petitioners entered a plea of guilty to a charge of armed bank robbery

---

[3] The Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, – U.S. – , 136 S.Ct. 1257, 1268 (2016).

"by force and violence, or by intimidation" in violation of § 2113(a) and (d). In *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), the Court of Appeals held that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." *Id*. at 751. The Court in *Selfa* applied the elements clause of the term "crime of violence," in U.S.S.G. § 4B1.2(a)(1) which applies to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ."[4] *Id*. In *Selfa,* the Court "defined 'intimidation' under section 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Id*. (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)).[5] The Court found the "definition [of intimidation] is sufficient to meet the section 4B1.2(1) requirement of a 'threatened use of physical force.'" *Id. See United States v. Steppes*, 2016 WL 3212168 (9th Cir. June 10, 2016) (holding that defendant's conviction under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)). The Court concludes that armed bank robbery "by intimidation" in violation of § 2113(a) and (d) satisfies the requirement of § 924(c)(3)(A) that the underlying felony offense has "as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) is a categorical

---

[4] The language in the elements clause of U.S.S.G. §4B1.2(a) provides, "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §4B1.2(a). In comparison, the language in the elements clause in § 924(c)(3)(A) states: "has as an element the use, attempted use, or threatened use of physical force against the person **or property** of another." (emphasis added).

[5] Petitioners admitted in the factual basis for the plea that they "intentionally made a display of force that reasonably caused the victim to fear bodily harm." (ECF No. 58 at 2, ECF No. 72 at 2).

match to the elements/force clause of §924(c)(3)(A) and requires proof of the intentional use or threatened use of physical force, "that is, force capable of causing physical pain or injury to another." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Petitioners are not entitled to relief under 28 U.S.C. § 2255.

**Certificates of Appealability**

Rule 11(a) Governing § 2255 Cases in the U.S. Dist. Cts. provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court concludes that the issues raised in this appeal are appropriate for certificate of appealability.

IT IS HEREBY ORDERED that motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 filed by Defendants/Petitioners are denied. (ECF Nos. 146 and 148). The Clerk is directed to close this case. Petitioners are granted a certificate of appealability.

DATED: September 21, 2016

**WILLIAM Q. HAYES**
United States District Judge